Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5537 | **DATE** | 11/25/2002 |
| **CASE TITLE** | Esang vs. U.S. Secretary of Housing, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 12/6/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Government's motion to dismiss (49-1) is granted. Golden Feather's motion to dismiss (51-1) is granted in part and denied in part. Counts 2,3,5 and 6 are dismissed as to Golden Feather and Prusinowski, and the motion is otherwise denied. Golden Feather and Prusinowski are directed to respond to the remaining claims on or before 12/5/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 26 2002 date docketed | 63 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 11/25/2002 date mailed notice | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ASUQUO ESANG, )
)
Plaintiff, )
)
vs. ) Case No. 01 C 5537
)
UNITED STATES SECRETARY OF )
HOUSING AND URBAN DEVELOPMENT; )
UNITED STATES DEPARTMENT OF )
HOUSING AND URBAN DEVELOPMENT; )
GOLDEN FEATHER REALTY SERVICES; )
JAN PRUSINOWKI; and JOHN DOE, )
)
Defendants. )

DOCKETED
NOV 2 6 2002

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

*Pro se* plaintiff Asuquo Esang's amended complaint alleges that after he made a successful bid on property owned by the United States Department of Housing and Urban Development and listed for sale by private contractor Golden Feather Realty in March 2001, HUD, Golden Feather and its employee Jan Prusinowski denied him access to the property so that he could inspect it and failed to give him a reasonable extension of time to complete the purchase. The contract evidently was canceled and Esang lost his earnest money. He filed a lawsuit against HUD in state court seeking reinstatement of the contract and other relief. HUD removed the case to federal court and then moved to dismiss, arguing that the state court had lacked subject matter jurisdiction of the suit and that this Court did not acquire it via removal. But following the removal, Esang filed an amended complaint which purported to state a federal



claim. The Court denied HUD's motion to dismiss on the grounds that the amendment cured the alleged defect. *See* Order of Feb. 19, 2002 (citing *People of the State of Illinois ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 939 (7th Cir. 1993)).

The amended complaint named as defendants, along with HUD, the Secretary of HUD, Golden Feather, Prusinowski,[1] and "Michael Doe," an unnamed employee of Golden Feather. The amended complaint alleges that defendants acted as they did because of Esang's race and national origin and claims that defendants' actions violated his due process and equal protection rights under the United States and Illinois Constitutions; 42 U.S.C. §2000d, barring discrimination based on race, color, or national origin in programs receiving federal financial assistance; and 42 U.S.C. §1983. Defendants have moved to dismiss on various grounds.

1.  **Golden Feather / Prusinowski motion to dismiss**

Golden Feather and Prusinowski have moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A claim may be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In assessing the complaint in this regard, a court must accept as true all of the complaint's factual allegations and must draw reasonable inferences from those facts in the plaintiff's favor. *See, e.g., Alvarado v. Lischer*, 267 F.3d 648, 651 (7th Cir. 2001). A *pro se* complaint is held to even less stringent standards than a complaint drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per

---

[1] The amended complaint originally named "Jane Doe" as a defendant, but the Court later granted Esang leave to amend the caption to name Prusinowski. Esang then caused Prusinowski to be served with summons; though she questions the propriety of the manner of service, Prusinowski has elected not to contest that issue and has joined in Golden Feather's motion to dismiss.

curiam); *Alvarado,* 267 F.3d at 651.

Golden Feather's argument, in essence, is that Esang has not alleged discrimination with sufficient particularity. It argues that "a claim must be supported by material facts." Golden Feather Mem. at 4. But that is not the law. The Federal Rules require particularized pleading only for the matters included within Rule 9(b) – such as the circumstances of an alleged fraud. There is no basis under the Rules to require particularized pleading beyond what Rule 9(b) requires, *see, e.g., Payton v. Rush-Presbyterian-St. Luke's Medical Center,* 184 F.3d 623, 627 (7th Cir. 1999) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163 (1993)), and in particular no basis to impose such a requirement to complaints alleging race or national origin discrimination. *See Swierkiewidz v. Sorema N.A.,* 534 U.S. 506, 511-12 (2002) (claim of race discrimination in employment does not require pleading of specific facts). In any event, Esang's allegation that Golden Feather and Prusinowski "depriv[ed] [him] of his right[s] as a buyer under the U.S. Housing program due to the discrimination of color, ethnicity and national origin," Am. Cplt., p. 1 (and elsewhere), combined with his specific allegations of the ways in which he was treated differently from others similarly situated, *see* Am. Cplt., p. 4, are sufficient to set forth a claim of race and national origin discrimination and to put Golden Feather on notice of the nature of the claim.

Esang has attempted to set forth five separate claims: a claim for violation of his equal protection rights; a claim for violation of his due process rights; a claim under 42 U.S.C. §2000d; a claim under 42 U.S.C. §1983; a state-law claim for intentional infliction of emotional distress; and a *respondeat superior* claim seeking to hold Golden Feather responsible for its employees' actions.

3

The Court agrees with Golden Feather that Esang cannot make out a claim under 42 U.S.C. §1983, which authorizes suit against those who violate a person's constitutional rights "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." None of the defendants in this case – a federal government agency and one of its private contractors – acted under color of *state* law. Count 3 is therefore dismissed.

As for Counts 1 and 2, the federal constitutional provisions cited by Esang apply to governmental actors; Golden Feather and Prusinowski are not governmental actors, nor are they alleged to have conspired with any federal agents to violate Esang's rights. Count 2, the due process claim, is therefore dismissed. But Count 1, liberally construed, is sufficient to make out a claim of race and ethnic discrimination in the making of a contract, which if proven would violate 42 U.S.C. §1981, a statute which applies to private actors. *See* 42 U.S.C. §1981(c); *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987) (section 1981 bars discrimination based on ancestry and ethnicity as well as race). Esang does not cite §1981, but a plaintiff (particularly a *pro se* plaintiff) is not required to plead a legal theory in order to survive of Rule 12(b)(6) motion. *See, e.g., Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Golden Feather's motion is therefore denied as to Count 1.

Golden Feather addresses Esang's claim under 42 U.S.C. §2000d (Count 4) only in a footnote. This brief argument is not sufficiently developed to warrant dismissal of Count 4; though §2000d applies only to programs or entities that receive federal funding, we have no basis to say that the program in question (the federal government's disposition of properties it has acquired through foreclosure of government mortgages or otherwise) is not federally funded.

4

The motion is denied as to Count 4.

We agree with Golden Feather than Esang has failed to make out a claim for intentional infliction of emotional distress (Count 5). Though Esang has alleged that Golden Feather discriminated against him based on his race and national origin, such allegations are insufficient, without more, to make out such a claim under Illinois law. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (employee who alleged she was subjected to severe racially discriminatory conduct on the job could not maintain a claim under Illinois law for intentional infliction of emotional distress).

Finally, Count 6, Esang's *respondeat superior* claim, adds nothing to his complaint. His claim under §1981 against a private entity can stand on its own on a theory of *respondeat superior, see General Building Contractors Association, Inc. v. Pennsylvania*, 458 U.S. 375, 391-92 (1982); *id.* at 404 (O'Connor, J., concurring); no separate claim is necessary. Count 6 is therefore dismissed as unnecessary.

## 2.   Government's motion to dismiss

HUD and the Secretary of HUD have moved to dismiss under Rules 12(b)(1), (2), (5) & (6) for lack of subject matter jurisdiction; lack of personal jurisdiction and insufficiency of service; and failure to state a claim.

The federal government cannot be sued absent an express waiver of sovereign immunity. *See, e.g., United States v. Testan*, 424 U.S. 392, 399 (1976). The Federal Tort Claims Act is such a waiver, providing a basis upon which to sue the government for its agents' torts, but that statute requires exhaustion of administrative remedies as a prerequisite to suit, *see* 28 U.S.C. §2675(a), and Esang has failed to allege that he did what the FTCA requires in that regard. (The

5

FTCA permits suit only against the United States, not its agencies like HUD, *see id.* §2679, but even if we were to construe Esang's complaint as naming the United States rather than HUD and its Secretary, his failure to exhaust administrative remedies would require dismissal of his claim.) The FTCA likewise would not permit the government to be sued for Golden Feather's actions as a contractor even if Esang had exhausted administrative remedies. *See id.* §2671.

A plaintiff can assert a *Bivens* claim against a federal officer individually for violating the plaintiff's constitutional rights, *see Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 394-95 (1971); a *Bivens* action is distinct from a claim under the FTCA, *see Carlson v. Green,* 446 U.S. 14, 19-20 (1980), and thus is not subject to the FTCA's exhaustion requirements. But Esang has not sued any federal officer or agent who personally participated in any violation of his rights, and thus he has not alleged the basis for a *Bivens* claim here. The Secretary of HUD is not such a person – he is not claimed to have had anything to do with the particular purchase that Esang attempted to make – but even if Esang had made such a claim, he has never served the Secretary with process.

For these reasons, Esang's claims against HUD and the Secretary in his official capacity are dismissed for lack of subject matter jurisdiction, and any claim that he purports to make against the Secretary individually is dismissed for failure to state a claim and alternatively for failure to serve the Secretary with process.

## Conclusion

For the foregoing reasons, the government's motion to dismiss [docket item 49-1] is granted. Golden Feather's motion to dismiss [docket item 51-1] is granted in part and denied in part; Counts 2, 3, 5 and 6 are dismissed as to Golden Feather and Prusinowski, and the motion is

otherwise denied. Golden Feather and Prusinowski are directed to respond to the remaining claims on or before December 5, 2002. The case is set for a status hearing on December 6, 2002 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 25, 2002